UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS ADOLFO SILVA,<br><br>        Plaintiff,<br><br>    v.<br><br>GONZALES, et al.,<br><br>        Defendants. | Case No.: 1:13-cv-02064-LJO-BAM PC<br><br>ORDER DENYING MOTION TO REOPEN<br><br>(ECF No. 13) |

  Plaintiff Louis Adolfo Silva ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action on November 27, 2013, in the Central District of California.  The matter was transferred to this district on December 19, 2013.

  On December 19, 2013, the Court ordered Plaintiff to either consent to or decline Magistrate Judge jurisdiction within thirty days.  (ECF No. 5.)  Thereafter, on December 23, 2013, the Court ordered Plaintiff to submit an application to proceed in forma pauperis on the correct form or pay the filing fee within forty-five days.  (ECF No. 6.)  On February 3, 2014, the Court issued a second order requiring Plaintiff to either consent to or decline Magistrate Judge jurisdiction within thirty days. (ECF No. 7.)  Plaintiff failed to file the correct application to proceed in forma pauperis, pay the filing fee or consent to or decline Magistrate Judge jurisdiction.

1

1       On March 25, 2014, the Magistrate Judge issued Findings and Recommendations that this
2  action be dismissed, without prejudice, for failure to comply with the Court's orders.  The Findings
3  and Recommendations were served on Plaintiff and contained notice that any objections were to be
4  filed within fifteen (15) days.  (ECF No. 10.)  Plaintiff did not file objections.
5       On April 17, 2014, the undersigned adopted the Findings and Recommendations in full and
6  dismissed this action without prejudice.  (ECF No. 11.)  On the same date, judgment was entered.
7  (ECF No. 12.)
8       Nearly five months later, on September 8, 2014, Plaintiff filed the instant motion requesting
9  the refiling of his action.  Plaintiff reports that he could not send money because his counselor had a
10 job change and it took more than a month before he got a new counselor.  Plaintiff also claims that he
11 was attacked by a correctional officer on April 29, 2014, and he was assaulted in his cell on June 25,
12 2014.  Plaintiff states that he would like to refile his lawsuit.  (ECF No. 13, p. 1.)
13      To the extent Plaintiff seeks relief from judgment, his request shall be denied.  Pursuant to
14 Federal Rule of Civil Procedure 60(b), the Court may relieve a party from final judgment for the
15 specific reasons enumerated in the Rule or for any other reason that justifies relief.  Relief under this
16 latter provision requires the moving party to "demonstrate both injury and circumstances beyond his
17 control that prevented him from proceeding with the action in a proper fashion."  Harvest v. Castro,
18 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations and citation omitted).  The "Rule is to be used
19 sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where
20 extraordinary circumstances prevented a party from taking timely action to prevent or correct an
21 erroneous judgment."  Id. (internal quotations and citation omitted).
22      Here, Plaintiff first asserts that he "could not send the money the first time" because his
23 counselor "had a job change and it took over a month before [he] got a new [counselor]."  (ECF No.
24 13, p. 1.)  Presumably, Plaintiff is referring to his inability to submit the required filing fee for this
25 action.  Plaintiff's lack of a counselor for one month does not support relief from entry of judgment.
26 As noted above, the Court granted Plaintiff forty-five (45) days—more than one month—to submit an
27 in forma pauperis application or pay the filing fee.  Plaintiff does not explain why he could not comply
28 with the Court's order during that time or why he could not request additional time to submit the filing

fee or an in forma pauperis application.  Plaintiff also does not explain why he could not comply with the Court's orders to submit his consent or decline to Magistrate Judge jurisdiction.

Plaintiff next asserts that he was attacked by a correctional officer on April 29, 2014, and that he was assaulted in his cell by correctional officers on June 25, 2014.  Plaintiff reports that he has been "in and out of the Hole because staff members keep harassing [him] and attacking [him] since this law suit. . . ."  (ECF No. 13.)  The alleged attacks do not support relief from entry of judgment because the incidents occurred after judgment was entered in this action.  (ECF No. 12.)

Based on the above, Plaintiff has not shown any grounds entitling him to relief from judgment, and the motion is THEREFORE DENIED.  As this action was dismissed without prejudice, Plaintiff is not precluded from initiating a new action by submitting a complaint for filing, along with a motion to proceed in forma pauperis or the $400.00 filing fee.

IT IS SO ORDERED.

Dated:   **November 8, 2014**          /s/ Lawrence J. O'Neill
                                       UNITED STATES DISTRICT JUDGE